# Richmond

THE SCHOOL BOARD OF THE CITY OF COVINGTON, THE COUNCIL OF THE CITY OF COVINGTON, AND THE CITY OF COVINGTON v. THE COUNTY SCHOOL BOARD OF ALLEGHANY COUNTY, THE BOARD OF SUPERVISORS OF ALLEGHANY COUNTY, AND THE COUNTY OF ALLEGHANY.

January 26, 1959.

Record No. 4864.

Present, All the Justices.

The opinion states the case.

*Archibald G. Robertson* and *Harry Frazier, III* (*Cecil C. Collins; Hunton, Williams, Gay, Moore & Powell*, on brief), for the appellants.

*Sidney F. Parham, Jr.* and *Roscoe B. Stephenson, Jr.* (*Leonard G. Muse; Woods, Rogers, Muse & Walker*, on brief), for the appellees.

EGGLESTON, C. J., delivered the opinion of the court.

■ This appeal is a sequel to *County School Board of Alleghany Co. v. School Board of the City of Covington,* 197 Va. 845, 91 S. E. 2d 654, and involves the determination of the proper amount which the City of Covington must pay the County School Board of Alleghany County or the county for their interest in certain public school properties which had been serving the citizens of the county and are now located within the boundaries of the city. Covington, which had been a town within the county, became a city of the second class on December 20, 1952, under the transition statute. (Code, § 15-78 *ff.*) For convenience the County School Board of Alleghany County and the County of Alleghany will be sometimes referred to as the county.

On the former appeal we reversed the decree of the lower court which held that by operation of law the ownership of these properties was vested in the city on the transition date and that the County School Board and the county had no legal or equitable interest therein. We held that the title to these properties is vested in the County School Board "as trustee for the benefit of the public, that is, those who were citizens and taxpayers of the county at the time the properties were acquired and for whose benefit they were acquired"; that "The measure of the beneficial interest of the citizens and taxpayers of the city and county, respectively, *as of the date of transition,* is the ratio which the taxable values subject to levies for school purposes lying in the city and county, respectively, bear to the total of such taxable values in both the city and county *at the date of transition,*" and that before the city may take title to such properties it must properly compensate the county therefore on this basis. (Emphasis added.) 197 Va., at page 852, 91 S. E. 2d, at page 659.

Upon a remand of the case the lower court found that 53.6% of the total assessed property values subject to school levies· at the

date of transition was located in the city, and 46.4% in the county, and that the city should compensate the county on this basis. While the city agrees that this is the proper formula, it contends that the lower court improperly applied it and erred in its determination of the amount which the city must pay the county. Specfically, the city contends in its assignments of error that:

(1) The school properties should have been valued as of the transition date, December 20, 1952, and not as of the date of the decree appealed from, October 18, 1957;

(2) In determining the value of two of the school properties the city should have been allowed a credit for a portion of federal grants or contributions made on the cost of their construction;

(3) The city should have been allowed a credit for its beneficial interest in other school properties located in the county and beyond the city limits;

(4) The city should have been allowed a credit for its beneficial interest in various county funds on hand on June 30, 1953, the expiration date of the fiscal year in which the transition occurred;

(5) The city should have been allowed a credit for all delinquent taxes collected by the county after June 30, 1953, on property lying in the city.

The facts pertinent to these contentions are not in dispute. All of the school properties in dispute have been fully paid for and there is no county or school debt. Pending the outcome of this litigation, under a contract between the parties, the schools in dispute have been operated by the County School Board for the benefit of both the county and the city.

The aggregate value of the school buildings now located in the city, the lots on which they are located, and the equipment therein, as of the transition date, is $1,186,993.06. The aggregate value as of the date of the decree, and referred to in the briefs as the "present-day value," is $1,276.005.06, or $89,012 in excess of the transition date value. The lower court decreed that the city should pay the county for the latter's interest in these properties, 46.4% of the present-day value, or $592,066.35. The city contends that its primary obligation, subject to certain credits, should be 46.4% of the transition date value, or $550,764.78.

In ruling that the amount of compensation due by the city to the county should be based on the present-day rather than the transition date valuation of the properties, the lower court likened the present

proceeding to a condemnation or annexation proceeding, where, as it said, "values are fixed as of the time of the taking."

We do not agree with that view. Here the rights of the parties are fixed by the transition statute (Code, § 15-78 *ff.*) at the date of transition. As we pointed out in our previous opinion, the measure of the beneficial interest of the citizens and taxpayers of the city and county, respectively, is fixed "as of the date of transition." (197 Va., at page 852, 91 S. E. 2d, at page 659.) The same is true here. It would be an anomalous situation to say that the measure of the interest is to be fixed at one date, the date of transition, and that the valuation is to be determined at another date, some five years later.

The evidence shows that 45% of the cost of constructing two of the school buildings in dispute, or $154,158.76, was supplied in 1939 and 1940 by grants of federal funds. The city contends that in determining the amount it should pay for these two properties it should be credited with 45% of their transition date value, because, it says, to that extent the cost of the buildings was a gift to the county, and cost it nothing.

The lower court disallowed this claim, and properly so. If the argument of the city be sound, it would seem that the total amount of the contributions should be deducted, because that is the extent to which the cost of construction was a gift to the owner of the buildings. But the city's position is not sound. The object of this proceeding is to determine what amount the city should pay to the county for what the county must give up, that is, the county's beneficial interest in the properties, or 46.4% of their total value. The city's beneficial interest in these properties has been fixed at 53.6% of their total value, which includes the value resulting from the grants. Thus, in effect, the city is getting 53.6% of the value of the grants. To allow it a further credit would be to deduct a portion of the county's 46.4% of the value of the grants. Moreover, as the lower court aptly points out, the taxpayers in the city have already received twenty years benefit from these grants.

The city contended in the lower court that it was entitled to what is referred to in the briefs as certain "equitable credits" to be applied on the amount due by it to the county for the latter's interest in the school properties taken over by the city. These are:

(1) The city's beneficial interest in the school properties lying in the county and beyond the city limits, which it says is 53.6% of their transition date value of $408,759.94.

(2) The city's beneficial interest in, or 53.6% of, the county fund balance aggregating $77,059.30,[1] in the hands of the county treasury as of June 30, 1953, the end of the fiscal year in which the transition occurred.

(3) All of the delinquent taxes collected by the county since June 30, 1953, on property lying within the city.

The lower court held that under the provisions of Code, §§ 15-101, 15-102 and 15-103,[2] as interpreted by us in *City of Colonial Heights v. County of Chesterfield*, 196 Va. 155, 82 S. E. 2d 566, these claimed credits may be considered only in relation to the adjustment between the city and the county of the county debt existing at the transition date, and that since there is no debt to be adjusted the credits are not allowable. It thus summarized its holding:

---

[1] These consist of:

| | |
|---|---|
| General Fund | $50,356.38 |
| Dog Tax Fund | 1,658.23 |
| Game Propagation Fund | 1,652.67 |
| School Operating Fund | 17,611.24 |
| Covington District School Debt Fund | 5,780.78 |
| | $77,059.30 |

[2] "§ 15-101. *State, county and district levies.*—All State, county and district levies on property within the territory occupied by the city that accrued before the city became such shall be payable to and collected by the county treasurer and the proceeds of all county and district levies on property within the city shall be held by the county treasurer subject to the rights of the city to be adjusted in the manner hereinafter provided."

"§ 15-102. *Assumption of debt; adjustment.*—Whenever a town hereafter becomes a city, as herein provided, the city shall assume and provide for the reimbursement of the county of a just and reasonable proportion of any debt of the county existing at the date the town becomes a city and also for compensation to any school district of which the town was a part for the city's just and reasonable proportion of any debt existing on the district at such date.

"The common council of the city and the board of supervisors, in the one case, and the council and the district school trustees, in the other case, shall make an equitable adjustment of such debts, and the same shall be provided for as those bodies shall determine and agree upon. In making such adjustment the parties shall take into consideration the city's just proportion of money collected by the county treasurer under the preceding section and of any unexpended balance in the county treasury belonging to any fund to which the territory embraced in the city has contributed and shall take into consideration all other equitable claims of the city, county and district."

"§ 15-103. *When claims cannot be adjusted between council and the boards.*— In the event of the failure of the parties aforesaid to make such adjustment and to agree upon such terms either party may proceed against the other by a bill in equity in the circuit court of the county in which the city lies for a proper adjustment of such matter."

"Section 15-103, Code of 1950, provides that when the debt adjustment referred to cannot be made by the council and the board of supervisors, the court shall do it. A careful consideration of the foregoing sections of the Code makes it clear and apparent that there can be no adjustment unless there be a debt to adjust existing at the date the town becomes a city. To make an equitable adjustment of the claim of the city for such adjustment there must first be an existing debt. Only then shall the council and board of supervisors, or the court when they cannot agree, take into consideration the city's just proportion of money collected by the county or the city's just proportion in any fund balance to which it may have contributed when a town. This is the legal effect given to these provisions of law by the court in *Colonial Heights* v. *Chesterfield County*, 196 Va. 155."

This is a correct interpretation of our holding in the *Colonial Heights* case, *supra*, 196 Va., at page 170, 82 S. E. 2d, at page 574.

It is true that in that case the city was allowed credit for its interest in other school buildings beyond the city limits, but only in connection with the debt adjustment. 196 Va., at pages 173, 174, 82 S. E. 2d, at page 576.

With respect to the claimed credit in the present case for delinquent tax collections, it will be observed that under Code, § 15-101, such taxes are to be collected by the county treasurer and held by him "subject to the rights of the city to be adjusted in the manner hereinafter provided," that is, in connection with the *debt adjustment* provided for in § 15-102. See *City of Colonial Heights* v. *County of Chesterfield, supra*, 196 Va., at page 168, 82 S. E. 2d, at page 573.

The decree appealed from will be modified to provide that the city must pay the County School Board $550,764.78, that being 46.4% of the transition date value of the school properties taken over by the city, and, as modified, will be affirmed. The County School Board has asserted no claim for interest on the amount due and none is allowed, because, as has been said, the County School Board, as well as the city, has had use of the properties pending the outcome of this litigation.

The appellees having substantially prevailed on this appeal will recover their costs. Code, § 14-178.

*Modified and affirmed.*