## Richmond

CITY OF EMPORIA, ET AL. v. COUNTY OF GREENSVILLE, ET AL.

May 25, 1972.

Record No. 7836.

Present, I'Anson, Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*John F. Kay, Jr. (D. Dortch Warriner; Mays, Valentine, Davenport & Moore; Warriner, Outten, Barrett & Burr,* on brief), for appellants.

*F. Bert Pulley (H. Benjamin Vincent; Pulley and Rowe,* on brief), for appellees.

GORDON, J., delivered the opinion of the court.

The Town of Emporia became a city of the second class on July 31, 1967. Va. Code Ann. Title 15.1, Chapter 22 (Transition of Towns to Cities), §§ 15.1-978 -1010 (1964). Before the transition three schools owned and operated by the County School Board of Greensville County were located within the Town of Emporia, and after the transition these schools were located within the new city of Emporia.

On October 2, 1969, the City, its Council and its School Board

brought this suit against the County, its Board of Supervisors and its School Board.[1] The City sought to compel the County School Board to convey to the City School Board two of the three County schools located within the City, Greensville County High School and Emporia Elementary School. The City also sought an equitable adjustment of the County's indebtedness.[2]

By the final decree from which this appeal was prosecuted, the court held that the County School Board should convey to the City School Board, and the City should pay for, Greensville County High School and Emporia Elementary School. The County assigns cross-error to that holding. By the same decree, the court held that the County School Board should transfer to the City School Board, and the City should pay for, certain equipment and chattels located in those Schools. The City assigns error to that holding.[3]

The transition statute, Chapter 22 of Title 15.1 of the Code (Transition of Towns to Cities), contains no provision respecting the transfer of a county school to a newly-created city or its school board.[4] Nevertheless, the trial court held that "since the City has a beneficial interest in school properties within its boundaries the

---

[1] As used herein, "City" means City of Emporia, and the term includes the Council of the City of Emporia and School Board of the City of Emporia unless the context otherwise indicates. "County" means County of Greensville, and the term includes the Board of Supervisors of Greensville County and the County School Board of Greensville County unless the context otherwise indicates.

[2] "§ 15.1-1003. Assumption of debt; adjustment.—Whenever a town hereafter becomes a city, as herein provided, the city shall assume and provide for the reimbursement of the county of a just and reasonable proportion of any debt of the county existing at the date the town becomes a city and also for compensation to any school district of which the town was a part for the city's just and reasonable proportion of any debt existing on the district at such date.

"The common council of the city and the board of supervisors, in the one case, and the council and the district school trustees, in the other case, shall make an equitable adjustment of such debts, and the same shall be provided for as those bodies shall determine and agree upon. In making such adjustment the parties shall take into consideration the city's just proportion of money collected by the county treasurer under the preceding section (§ 15.1-1002) and of any unexpended balance in the county treasury belonging to any fund to which the territory embraced in the city has contributed and shall take into consideration all other equitable claims of the city, county and district." Va. Code Ann. § 15.1-1003 (1964).

[3] The City complains chiefly of the court's holding respecting the value of the Schools ordered to be conveyed by the County. For reasons that will be made apparent, we do not reach that question.

[4] Respecting title to property, Chapter 22 of Title 15.1 of the Code provides merely: "The title to all the property of the town, and its rights and privileges under any contract, including any and all moneys belonging to the town, and its books, records, papers and other things of value, shall vest in and become the property of the city". Va. Code Ann. § 15.1-984 (1964).

Court has the power to compel the County to convey all or a part of the said properties to the City".

To sustain the trial court's conclusion, counsel for the City rely upon three cases, which we will refer to as: *"Colonial Heights", "Covington I" and "Covington II": Colonial Heights v. Chesterfield County,* 196 Va. 155, 82 S.E.2d 566 (1954); *County School Board of Alleghany County v. School Board of the City of Covington,* 197 Va. 845, 91 S.E.2d 654 (1956); *School Board of the City of Covington v. County School Board of Alleghany County,* 200 Va. 587, 106 S.E.2d 655 (1959).

The issue before the Court in *Colonial Heights* was the amount to be paid by the newly-created City of Colonial Heights (formerly the Town of Colonial Heights) to the County of Chesterfield to adjust the County debt as contemplated by Code § 15.1-1003 (*supra* n. 2) and to pay for a County school to be acquired by the City. So any words of the opinion that might imply a right to enforce the conveyance of county school property should be taken in the context of an issue drawn between a County and a City only as to the amount to be paid by the City.[5]

In *Covington I,* school properties of the County of Alleghany lying within the newly-created City of Covington (formerly the Town of Covington) had been fully paid for, and the County had no outstanding debt. The trial court held that under such circumstances, the City acquired title to the County school properties by operation of law and had no obligation to pay the County for the properties.

On appeal, the issue before this Court was whether the City of Covington had already acquired County school properties for which it owed nothing or whether the City could acquire County school properties only upon paying the County for the property. We reversed the trial court, holding that "before the City of Covington may take title to the school properties in question it must make proper compensation therefor". 197 Va. at 852, 91 S.E.2d at 659.

The issue in *Covington II,* which involved the same school properties as *Covington I,* was again the amount to be paid for the County school properties. The date when the properties should be valued was the main issue, the Court holding that they should be valued

---

[5] See notice of appeal and assignments of error and assignments of cross-error, Record No. 4180 at 58-62.

at the date of the Town's transition into a city rather than the date of the City's acquisition of the properties from the County.

In *Covington II*, the Court also affirmed the trial court's denial of any credit for the City's beneficial interest in County school properties lying outside the City. (The City acquired all County school properties lying within the City's boundaries.) We pointed out that credit for such beneficial interest could be given only in arriving at an equitable adjustment of county debt pursuant to Code § 15.1-1003. Since Alleghany County had no debt to be adjusted, Covington was not entitled to credit for its beneficial interest in County school properties lying outside the City.

*Colonial Heights, Covington I* and *Covington II* support these propositions:

(1) Title to county school property lying within a town remains vested in the county school board after the town becomes a city.

(2) The beneficial interest of a newly-created city in county school property, whether within or without the city, should be taken into account in arriving at the equitable adjustment of county debt contemplated under Code § 15.1-1003 (*supra* n.2).

(3) A city must pay for any school property acquired by the city, whether or not the county has any debt, the city receiving credit for its beneficial interest in that property.

These cases do not hold, however, that a city can enforce the conveyance of county school property, an issue that was not before the Court.

We have recognized the beneficial interest of a newly-created city in county school property for the limited purpose mentioned in the preceding paragraph. But it does not follow that a court has the power, as the trial court concluded, to compel a county to convey any county school property to a newly-created city. We hold that a court lacks such power.

Because the decree appealed from erroneously orders the conveyance of County Schools and school equipment and chattels to the City School Board, we reverse the decree. In view of the credits available to the City, the County does not seek to have the City assume any of its debt. (Recitation in pretrial order entered September 11, 1970.) And in no case is "a city . . . entitled to recover

the excess of its claim over the amount of the debt assumption". *Colonial Heights, supra* at 175, 82 S.E.2d at 577. Our order will therefore dismiss the City's bill of complaint.

*Reversed and final decree.*